IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.  No. 2:24-mj-01108-JHR-1

VINCENT JOSEPH ROSATO,

        Defendant.

### ORDER REVOKING ORDER SETTING CONDITIONS OF RELEASE

THIS MATTER is before the Court on the United States of America's ("Government") Notice of Appeal and Motion to Stay Order Setting Conditions of Release filed October 25, 2024, ECF No. 21, and Brief in Support of Detention ("Appeal"), filed November 5, 2024, ECF No. 26. Defendant Vincent Joseph Rosato ("Defendant") filed his response on November 11, 2024. ECF No. 27. Pursuant to 18 U.S.C. § 3145(a), the Government seeks review of Magistrate Judge Jerry H. Ritter's Order Setting Conditions of Release ("Release Order") entered on October 25, 2024. *See* ECF Nos. 21, 22, 23. The Court held a hearing on November 14, 2024. *See* ECF No. 28. Upon due consideration of the parties' briefing, oral arguments, the record, and applicable law, the Appeal is **GRANTED** and the Release Order is **REVOKED**.

**I.  BACKGROUND**

Defendant is charged with possession with intent to distribute approximately 37.4 kilograms of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), ECF No. 6, which carries a minimum sentence of ten years' imprisonment and a maximum of life, *see* 21 U.S.C. § 841 (b)(1)(A). On October 25, 2024, Judge Ritter presided over a detention hearing on Defendant's Second Motion for Reconsideration and Release from Detention, in which Magistrate

1

Judge Jerry H. Ritter granted Defendant's release to third-party custody of Lifeline Restoration Center.[1] ECF No. 22; *see also* ECF No. 23.

The Government filed the instant appeal on October 25, 2024, arguing that Defendant is a flight risk and danger to the community. ECF Nos. 21, 26 at 3-4. Defendant filed a response on November 11, 2024. ECF No. 27. On November 14, 2024, the Court held a hearing on the matter. ECF No. 28.

## II. LEGAL STANDARD

"The standard of review for the district courts review of a magistrate judge's detention or release order under § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

## III. DISCUSSION

Pursuant to the Bail Reform Act, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the Government bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear and convincing evidence. *Cisneros*, 328 F. 3d at 616; 18 U.S.C. § 3142(f). To determine whether there are conditions which can assure the defendant's appearance at trial and the safety of the community, the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance . . . ;

---

[1] The Defendant requested, and the Conditions of Release provide, third-party custody to "Lifeline Outreach Program[.]" *See* ECF No. 22; ECF No. 23; ECF No. 27. The Court notes that Defendant provided correspondence demonstrating acceptance to a rehabilitation facility called "Lifeline Restoration Center[.]" Because the Court is granting the Government's appeal, the Court considers resolution of the discrepancy to be unnecessary.

> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Defendant must overcome a rebuttable presumption in favor of detention when "there is probable cause to believe that the person committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed . . . ." 18 U.S.C. § 3142(e)(3)(A). Here, the statutory presumption applies in light of the p-year mandatory minimum attached to the charges.

Judge Ritter found that Defendant met his burden because "the [treatment] program is sufficient to overcome [the] presumption" and "there are conditions that will assure appearance at trial and safety to the community[.]" ECF No. 22 at 1.

In its Appeal, the Government argues that Defendant has not met his burden to overcome the presumption and several factors weigh in favor of his detention. *See* ECF No. 26 at 4. It argues the quantity of methamphetamine alleged to be transported, the weight and strength of the evidence, and evidence that Defendant had connections to a drug transporting operation and previously distributed narcotics all weigh in favor of detention. *Id.* at 4-9.

Defendant responds that he meets the burden for supervised release because he "has never been a danger to the community, is not a flight risk, and does not have a past criminal record." ECF No. 27 at 4. He argues that the Government misconstrues the evidence and adds that he was

honest and forthright, taking responsibility for his actions, in all his interactions with law enforcement. *Id.* at 5-6. Defendant asserts that a rehabilitation facility, Lifeline Restoration Center, has accepted him into their program that will provide year-long drug rehabilitation treatment. *Id.* at 7-9.

During the November 14 hearing, the parties presented their arguments, and the Court requested more information regarding the rehabilitation program. ECF No. 28.

Upon de novo review, the Court finds that Defendant failed to rebut the presumption that there are conditions that will assure his appearance at trial and safety to the community. Defendant has not shown that his participation in treatment at Lifeline Restoration Center will assure his appearance at trial and ensure safety to the community. If Defendant can find a dry treatment in-patient program *with a licensed therapist*, the Court may reconsider.

IV. **CONCLUSION**

Accordingly, it is **HEREBY ORDERED** that:

1. The Government's Appeal is **GRANTED**;

2. Judge Ritter's Release Order is **REVOKED**; and

3. Defendant may file a Motion for Reconsideration upon acceptance into a treatment program that meets the Court's requirements.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE